

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 25 1970

PATRICIA D. HOWARD
CLERK OF THE PANEL

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

MULTIDISTRICT CIVIL ACTIONS INVOLVING THE )
AIR CRASH DISASTERS NEAR BRADFORD, PENNSYLVANIA )   DOCKET NO. 42A
ON DECEMBER 24, 1968 AND JANUARY 6, 1969        )   DOCKET NO. 42B

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL

PER CURIAM

Two Allegheny Airlines aircraft crashed in Bradford, Pennsylvania - the first on December 24, 1968 and the second on January 6, 1969. The parties to the resulting litigation were ordered to show cause why their actions should not be consolidated under Section 1407. A hearing was held to consider the arguments of all interested parties, and on June 8, 1970, the Panel entered stay orders in both groups of litigation, deferring further consideration of transfer and permitting counsel to continue efforts to complete pretrial proceedings on common issues of fact. The orders of June 8, 1970, and an additional order entered in Docket No. 42A on June 29, 1970, required the defendants, Allegheny

---

\*   Although Judge Weigel did not attend the hearing he has with the consent of all parties participated in this decision.

Airlines, Inc. and the United States, to file status reports with the Panel by August 21, 1970, indicating the actions or claims filed or dismissed and the status of pretrial proceedings.

The defendants' status reports indicate that in Docket No. 42A six actions have been settled, five actions are presently pending in three districts and eight more claims have not been settled but are not yet in suit. In Docket No. 42B one action has been settled, four actions are presently pending in three districts and eight more unsettled claims remain. Discovery in the actions in both docket numbers is proceeding satisfactorily.

We have concluded that the convenience of parties and witnesses and the just and efficient conduct of these actions will not be furthered by transfer under Section 1407. A small number of actions are pending and only two defendants are involved. The litigation is located in or near the District in which the crashes occurred and pretrial proceedings are progressing without serious difficulty. In this factual situation, we believe any appropriate consolidation of these actions may be obtained by transfer under Section 1404(a), either on the parties' motion or the court's initiative. See *In re Air Crash Disaster at Falls City, Nebraska on August 6, 1966, 298 F. Supp. 1323 (J.P.M.L. 1969)*

IT IS THEREFORE ORDERED that no transfer of these actions be made under Section 1407.